IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-01020-MR

| | |
|---|---|
| CHARLES SCOTT PIERCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| B. JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

**I.   BACKGROUND**

The pro se Plaintiff, who is presently incarcerated at the Piedmont Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 addressing the circumstances of his May 28, 2024 arrest in Stallings, North Carolina. [Doc. 1]. He names as Defendants: B. Johnson and B.R. Moore, Stallings Police Department ("SPD") officers, and D.J. Simpson, an SPD supervisor. He claims that Officer Johnson used excessive force by tasering the Plaintiff then severely beating him after he was incapacitated; that Officer Moore encouraged Johnson's actions; and that Supervising Officer Simpson

failed to correct Johnson's misconduct. [Id. at 2-3]. For injury, the Plaintiff alleges that he sustained severe injuries, including facial trauma, temporary amnesia, permanent hearing loss, a lost tooth, abrasions, excruciating pain, bleeding, and emotional distress. [Id.]. He seeks a declaratory judgment; compensatory, nominal, and punitive damages; a jury trial; costs; and any other relief that the Court deems just, proper, and equitable. [Id. at 4].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

While the Plaintiff cites the Fourteenth Amendment as the basis for his claim, excessive force claims in the context of an arrest or an investigatory stop are properly analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). Whether an officer has used excessive force depends on the "facts and circumstances of the particular case." Rivas-Villegas v. Cortesluna, 595 U.S. 1, 6 (2021) (quoting Graham, 490 U.S. at 395). Factors bearing on the reasonableness of a use of force include: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the

officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest. Graham, 490 U.S. at 396. Reasonableness must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

The Fourth Circuit recognizes a cause of action for bystander liability that is "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

Taking the Plaintiff's allegations as true for the purposes of initial review, and drawing all reasonable inferences in his favor, Plaintiff's Fourth Amendment claims for the use of excessive force and for failure to intervene survive initial review as they are not clearly frivolous.

## IV. CONCLUSION

In sum, the Plaintiff's Complaint passes initial review on the Plaintiff's claims for the use of excessive force and for failure to intervene.

4

Case 3:24-cv-01020-MR     Document 11     Filed 01/13/25     Page 4 of 5

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Complaint [Doc. 1] passes initial review for the use of excessive force and for failure to intervene.

2. The Clerk is respectfully instructed to mail three blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendants Johnson, Moore, and Simpson. Once the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: January 13, 2025

*[Signature]*

Martin Reidinger
Chief United States District Judge